UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

BARRY PACE and
DIANNE W. PACE,

    Plaintiffs,

v.                                                    CV-OO-J-3046-NW

PARKE DAVIS, a division of
the WARNER-LAMBERT
COMPANY; WARNER-
LAMBERT COMPANY; and
RALPH AQUADRO, M.D.,

    Defendants.

## MEMORANDUM OPINION

    This action is before the court on defendants' motion to sever (doc.1) and plaintiffs' motion to remand (doc. 5). This matter was taken up at the court's November 21, 200 motion docket. The court having considered the motions, memorandum and oral argument of the parties, the court is of the opinion said motion to remand is due to be granted.

    Plaintiffs claims are all based upon injuries incurred as a result of taking the prescription drug Rezulin. These claims are made against the manufacturers of Rezulin, Parke-Davis and Warner-Lambert, and the physician, Dr. Ralph Aquadro, who prescribed Rezulin to Barry Pace. Plaintiffs claims against the manufacturers are grounded in

products liability. The claims against Dr. Aquadro allege that he failed to inform the plaintiff of the dangers associated with Rezulin and he failed to monitor the plaintiff once Rezulin dosage began. The plaintiffs allege joint and several liability. Defendants allege that Dr. Aquadro, the sole Alabama resident, was improperly joined with the other defendants, and on that basis, filed a notice of removal (doc. 1) to this court alleging diversity existed, under 28 U.S.C. §1332.

28 U.S.C. §1332 requires complete diversity between all parties and all defendants and that the controversy in question involve more than $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. sections 1332 and 1441(b)("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought"); *see also Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996).

The Eleventh Circuit has placed on the defendants the burden of showing that the plaintiff has no possible cause of action under Alabama law, based upon the allegations of the complaint. *Cabalceta v. Standard Fruit Company*, 883 F.2d 1553, 1562 (11th Cir. 1989) (where district court found "no possibility" that plaintiffs would be able to state a colorable cause of action against the resident defendant). The removing party bears the burden of proving that the joinder of the resident defendant was fraudulent. *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284 (11th Cir. 1998); *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983). Joinder has been deemed fraudulent in two situations. "The first is where

there is no possibility that the plaintiff can prove a cause of action against the resident defendant. The second is when there is outright fraud in the plaintiff's pleading of jurisdiction." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). The defendants here seem to allege that their claim of fraudulent joinder here falls under the first category – that the plaintiff is unable to state a cause of action against defendant Aquadro.

However, this court finds that under Rule 20, Federal Rules of Civil Procedure, that the standard for joinder of defendants is that "All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief arising out of the same transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." *See also* Rule 20, Alabama Rules of Civil Procedure. Furthermore, the Eleventh Circuit has stated that if there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court. *Triggs*, 154 F.3d at 1287; citing *Coker* 709 F.2d at 1440-41. The court then emphasizes in *Triggs* that the plaintiff need only a *possibility* of stating a valid cause of action in order for the joinder to be legitimate. The *Triggs* court concluded that "[i]f there is a joint liability [the plaintiff] has an absolute right to enforce it". *Triggs*, at 1291.

The court's determination of whether a defendant has been fraudulently joined must be made upon the plaintiff's pleadings at the time of removal. *Cabalceta*, 883 F.2d

3

at 1561, citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S.Ct. 347, 349, 83 L.Ed. 334 (1939). This court must resolve all questions of fact and controlling law in favor of the plaintiff. *Cabalceta*, 883 F.2d at 1561.

There is a clear possibility that the plaintiffs have stated a valid cause of action against Dr. Aquadro. Defendants argue that plaintiffs have failed to state a cause of action in light of the heightened pleading standard found in Alabama Code §6-5-551 (1993). This medical malpractice pleading standard is similar to the heightened pleading standard for fraud. *Mikkelsen v. Salama,* 619 So.2d 1382, 1384 (Ala. 1993). The purpose of the statute is to provide health care providers "fair notice of the allegedly negligent act". *Mikkelsen*, at 1384. Plaintiffs allege Dr. Aquadro failed to give adequate warning regarding the danger of Rezulin and that he failed to adequately monitor plaintiff after the Rezulin dosage began. This court finds that this is possibly adequate notice for purposes of Alabama Code §6-5-551.

The court also finds that the requirements for FRCP Rule 20 joinder has been met. This case centers on the manufacture, marketing, prescription and care involving the use of the drug Rezulin. The plaintiffs claim that the defendants are jointly and severally liable for the alleged injuries resulting from the use of this drug. As such there are common questions of fact among these defendants and this case stems from one series of transactions, the delivery and consequence of Rezulin use. Complete diversity is hereby lacking and as such, this court is without jurisdiction.

In consideration of the foregoing, this court hereby **GRANTS** the plaintiffs'

4

motion to remand (doc. 5) and **DENIES** defendants' motion to sever (doc. 1). It is therefore **ORDERED** by the court that said case be and hereby is **REMANDED** to the Circuit Court of Lauderdale County, from whence it was removed.

**DONE** and **ORDERED** this the _21_ day of November, 2000.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE